## HUGHES *et al.* v. RHEA, CONNER & CO.

1. A bond given by the claimant of property levied on by execution, pursuant to the first section of the act of 1828, (Aikin's Digest, 169) will not warrant the circuit court, in rendering a summary judgment against the claimant's securities, for the damages assessed on the trial, against the claimant, for putting in the claim for delay.

2. If the judgment rendered against the claimant for damages, for interposing a delay claim, (authorized to be given by the acts of 1812 and 1821, Aikin's Dig. 167, 168) cannot be collected by execution, the remedy of the plaintiff against the claimant's securities, is by suit on the bond.

Writ of error to the Circuit Court of Shelby County.

Hughes interposed a claim to certain slaves and horses, levied on as the property of one Bell, at the suit of Rhea, Conner & Co.; and gave the bond required by the first section of the act of 1828. At the trial of the claim, the jury found the property subject to the plaintiff's execution, and awarded fifteen per centum damages, on the amount of the execution, because the claim was interposed for delay. The circuit court rendered judgment on the verdict against Hughes, for the cost of the suit, and against Hughes and also against Stanifer and King (who were the securities on the claim bond) for the fifteen per centum damages.

PECK, for the plaintiff in error, insisted that the judgment against the securities was erroneous, and that the several statutes did not authorize a judgment against them, without suit on the bond. (Aikin's Digest, pp. 167, 168, 169 and 170, sec. 45, 46, 55 and 57.)

GOLDTHWAITE, J.—1. The first enactment on the subject of interposing claims to property levied on by execution, is the seventh section of the act of 1812, (Aikin's Digest, 167.) This provides " that when property levied on by the sheriff, by vir-

77

tue of an execution, is claimed by any person not a party to the execution, such person may make oath to the property; and thereupon it shall be the duty of the sheriff, to postpone the sale or further execution of the judgment, until the next term of the superior court of the county in which such execution is so levied; and such court shall require the parties concerned, to make up an issue under such rules as they may adopt, so as to try the right of property before a jury of the same term; and the sheriff shall make return on the execution accordingly; *Provided,* That the person claiming such property, or his attorney, shall give bond to the sheriff with security, in a sum equal to the amount of the execution, conditioned to pay the plaintiff all damages which the jury, on the trial of the right of property, may assess him, in case it should appear that such claim was made for the purpose of delay; and the jury shall have power to give such damages, not less than ten per centum, as may seem reasonable and just, to the plaintiff against the claimant, in case it shall be sufficiently shown that such claim was intended for delay only; and it shall be lawful for such jury to give verdict in manner aforesaid, by virtue whereof judgment may be rendered up and execution issued against such claimant." The same section further provides, " that it shall be the duty of the sheriff to return the property levied on, to the person out of whose possession the same was taken, upon such person entering into bond with security to the plaintiff in execution, in double the amount of the debt and costs, conditioned for the delivery of the property to the sheriff, whenever the claim of the property so taken shall be determined by the court; and if any person to whom property is so returned, shall neglect or refuse to deliver the property to the sheriff, it shall be the duty of the sheriff forthwith to return the bond to the clerks office of the superior court, which bond shall have the force and effect of a judgment, and execution may be awarded by the court, against all or any of the obligors having ten days notice."

The law, with respect to damages when the claim is interposed for delay, was changed by the second section of the act of 1821; (Aikin's Digest, 168, sec. 46) by this act the jury is au-

thorized, in such a case, to give damages not exceeding fifteen per centum.

It will be seen that the act recited does not authorize *any* judgment against the securities, either for the costs or damages assessed against the claimant: and it seems evident that no summary mode of proceeding on the bond required to be given on the making the claim, was contemplated by the Legislature, because a different bond is required to be given, to secure the forthcoming of the property, if the claim should be decided against the claimant, and on this only a summary remedy is given, similar to that which obtains in the case of ordinary delivery bonds.

The act of 1828, (Aikin's Digest, 169, 170,) repealed so much of the act of 1812, as required two bonds to be given, and provided, " that the sheriff should prepare a bond, whenever property levied on by him, should be claimed and affidavit made, and good security offered for the trial of the right thereof." This bond is to be made payable to the plaintiff in execution, and conditioned for the forthcoming of the property, if the same be found liable to the execution, and for the payment of such costs and damages as shall be recovered for putting in the claim for delay. This act, also provides, that if the claimant shall fail to deliver the property found subject to the execution, to the sheriff, it shall be his duty to go to the clerk and endorse such failure on the bond, by him returned, whereupon such bond shall have the force of a judgment, and the clerk shall issue execution against the claimant and his securities for the value of the property not delivered, as assessed by the jury, with interest from the date of the verdict.

Although the act of 1828, consolidates the two bonds previously required by the act of 1812, yet, it introduces no change in the mode by which the securities are made chargeable, if the costs and damages assessed against the claimant, remian unpaid. The bond is to have the effect of a judgment only, in the event of a failure to deliver the property found, subject to the execution; and the summary process of execution against the securities, is authorized only on this failure.

2. If the judgment against the claimant for the costs and damages, cannot be enforced by the ordinary process of execution, or is not paid, the bond can be prosecuted in the ordinary form by suit, and redress had against the claimant's securities, in this manner; but a judgment against them, on the verdict of the jury, in the trial of the right of property, is not warranted by any of the statutes in force.

The judgment of the circuit court is reversed, and the proper judgment directed to be entered against the claimant only, for the costs and damages.