Bradford v. Dawson & Campbell.

---

## BRADFORD v. DAWSON & CAMPBELL.

2    203
132   364

1. Since the enactment of the act of 1828, Digest 169, 5 & 55, the bond, which the claimant of property levied on by execution, is required to give before a trial of the right of property is had, should be made payable to the plaintiff in execution

2. The bond is intended as a security for the plaintiff in execution ; and if a defective bond is executed, the claim ought not be dismissed, if the claimant will execute a proper bond, under the direction of the Court, when the exception is allowed.

3. When a deed of trust to secure certain creditors, is made by a debtor to trustees, and is executed by being signed and sealed as well by the trustees as by the debtor, the certificate by a justice of the peace, that the parties naming, the trustees and debtor came before him, and severally acknowledged that they and each of them signed, sealed, and delivered the deed, for the purposes and consideration, therein mentioned, is sufficient to admit the deed to record under the act of 1828, Digest, 208, S. 5, 7.

4. When the certificate does not pursue the form required by statute, the deed may be looked into to support the defective certificate.

5. The act of 1838, Digest, 208, S. 5, 7, is for the prevention of frauds, and directs, that deeds of trust, which are not recovered within the time limited, shall be void, as to creditors and subsequent purchasers without notice. The registration is permitted to have the effect of notice, but it does not make the deed evidence for any purposee whatever.

Writ of error to the Circuit Court of Coosa County.

CLAIM of property levied on by execution. Bradford caused a writ of *fieri facias* against the goods of one William J. Campbell to be levied by the Sheriff of Coosa county. The goods levied on, were claimed by A. B. Dawson and John Alexander Campbell, under the statute; and a claim bond executed by Campbell, with one Haggerty as surety. This bond is payable to John A. Chapman, Coroner of Coosa county, and recites the levy, and is conditioned to pay the plaintiff in execution all damages, which the jury, on the trial of the right of property, should assess against the claimants, in case it should appear that the claim was made for the purpose of delay.

Previous to making up the issue in the Circuit Court, the plaintiff moved to dismiss the claim, for irregularity and for the insufficiency of the claim bond. This motion was overruled.

The case was tried as if a proper issue had been formed, and the verdict was, that the property claimed was not subject to the execution.

In the progress of the trial, the claimants made title to the goods by a deed of trust, dated 23 March, 1839, purporting to be executed by the defendant in execution, to the claimant therein named. The deed purported to be signed and sealed, by the defendant in execution and the trustees, and to it was attached a certificate in these words: "Personally appeared before me, James A. Pollard, an acting justice of the peace for said county, the above named parties, to wit: William J. Campbell, A. B. Dawson and John A. Campbell, who duly and severally acknowledged, that they, and each of them, signed, sealed and delivered the above instrument, for the consideration and purposes therein mentioned. Given under my hand and seal, this the 23d day of March, 1839.

J. A. POLLARD, J. P. Seal."

The certificate of the clerk of the County Court of Coosa County, was endorsed on this deed, showing that it was received and admitted to record, on the 30th day of March of the same year.

This was the only evidence offered to prove the signing, sealing, execution or delivery of the deed of trust.

The plaintiff objected to the certificate because it was not in conformity with the statute. The deed was admitted in evi-

dence, on this proof of its execution. To which the plaintiff excepted, and a bill of exceptions was signed and sealed.

The plaintiff prosecutes this writ of error, and assigns that the Circuit Court erred in refusing to dismiss the claim for the want of a sufficient bond, and also admitting the deed in evidence, on the certificate of the justice.

PECK, for the plaintiff in error, insisted that the claim ought to have been dismissed, as the condition of the bond is not such as required by the statute ; Dig. 169. S. 55. The deed was improperly admitted to record, because the probate of the acknowledgment is not in conformity with the statutes ; Aikins' Dig. 88, S. 1 ; 89, S. 7 ; Fipps v. McGeehee, 5 Por. 413. It is true, the deed purports to be dated on the same day when it was acknowledged, but it cannot be looked into to aid the defective probate.

But if the deed was properly placed on record, this did not authorise its admission in evidence, without proof of its execution. The deed is required to be recorded to prevent frauds but when recorded the statute does not make it evidence. [Act of 1828, Dig. 208.

GEORGE GOLDTHWAITE, for the defendant in error, conceded that the bond was irregular, having been taken under the act of 1812, which is partially repealed by that of 1828, Dig. 169. But, he argued, there is no reason why these registration acts should be strictly construed. If the certificate conforms substantially to the statute, the deed should be admitted. When this deed is examined, the probate becomes sufficiently certain, although it does not conform to the precise words of the statute.

All deeds of lands may be proved by the certificate of probate, by the act of 1812, and the provisions of that of 1828, are sufficiently broad to authorise the inference, that deeds of trust were intended to be placed on the same footing.

GOLDTHWAITE, J.—1. The concession that the bond is defective, is propely made, as we have already decided, that the act of 1828; Dig. 169, S. 55, repeals so much of the previous statutes, as made two bonds necessary. Hughes v. Rhea,

Conner & Co. 1 Ala. Rep. 609. The bond at present required, is made payable to the plaintiff in execution and the condition, contains the substance of the two, which were previously required to be given.

2. The claim bond is intended as a security for the plaintiff in the execution; and although he may insist on the execution of such a one as the statute directs, yet the claim ought not to be dismissed on account of a defective bond, if the claimant will execute a good one under the direction of the Court, when the exception is allowed. This practice has hitherto been recognized in analogous cases, and its propriety is not doubted, when applied to claims of property levied on by execution. We remark also, that it may be questionable whether a specific description of the goods is not required, as they may be returned in case the claim is not sustained.

3. The deed under which the claimants attempted to support their title to the goods in controversy, is a trust deed, for the purpose of securing debts, and is therefore within the influence of the act of 1828, which provides that all such deeds shall be void against creditors and subsequent purchasers, without notice, unless they are recorded in the office of the clerk of the County Court of the County, wherein the estate may be situate, within thirty days. [Dig. 208, S. 5.] Such deeds are to be proved or acknowledged, as deeds and conveyances of real estate. [S. 7. ibid.

It is evident, when this statute is examined, that the proof and acknowledgment, which is mentioned in the latter section, refers to the manner in which the deed shall obtain a place on the record, and consequently, that the previous acts, authorising the registration of deeds of real estate, must be examined to ascertain what are the necessary requisites.

The act of 1812, provides a form of the certificate of acknowledgment, which is, that the grantor acknowledges, before the proper officer, that he signed, sealed and delivered the deed *on the day and year therein mentioned, to the grantee.*

The certificate in the present case, does not state that the grantor acknowledged that he executed the deed on the day it bears date, to the grantees. It is also acknowledged by those who are not grantors, but to whom the deed ought to have

been delivered, that is, by the trustees. Notwithstanding these apparent defects, we consider the certificate as a substantial compliance with the act of 1812. Digest 89, S. 7; and that it was properly admitted to record. It is therefore necessary to consider whether a deed admitted to record, on an informal certificate, would be void under the statute, when the only object to be attained by the record, is to furnish a means, by which, notice can be had of all valid deeds of trust, by any person seeking the information.

4. The supposed defects in the certificate vanish the instant the body of the deed is examined; for, we then ascertain that the day of the date, is the same day when the acknowledgment was made. We likewise perceive that the deed was executed by the trustees as well as the grantor. It was not necessary, that the former should have signed, or otherwise executed, the deed, and certainly a defective acknowledgment by them cannot prejudice the deed, when no action whatever is required on their part.

It is said, however, that the body of the deed ought not to be looked at to support the probate. It seems to us, that every probate must, of necessity, be compared with the deed; to illustrate our opinion, let the probate be supposed as precisely formal in terms, yet, if the acknowledgment was not made by the person named as the grantor, it would clearly be void. It is obvious, that the difference in the names would appear only from an inspection of the body of the deed, and by comparison with the probate. The same may be supposed of the grantees; or, indeed of the date.

The only general rule with respect to the construction of these certificates, when the object is to support the registration, is, that when the statute has been substantially complied with, the rights of the parties shall not depend on strict criticism, but that any portion of the deed may be examined to give effect and meaning to a certificate, which is apparently defective. [Luffborough v. Parker, 12, S. & R. 48.]

5. The statute of 1828, which makes it essential to the validity of trust deeds of personal estate, as against creditors and subsequent purchasers, without notice, that they should be recorded, is peculiar in its phraselogy. The first section, provides,

that the deed shall be void, unless it is recorded within a certain time ; but omits all direction as to the mode by which it shall be authenticated, to authorise the clerk to insert it in the records of the county. This omission is supplied by the third section, providing, that such deeds shall be *proved* or acknowledged in the same manner, as deeds and conveyances of real estate.

It is obvious, that *proved or acknowledged* must refer to the recording of the instrument, and nothing further. The effect of the probate is to admit the deed upon the record, and then it operates as notice to all the world. If it had been intended to give the deed, or an authenticated copy of it, the weight of evidence, without further proof, it is probable that special provision would have been made for this purpose by the introduction of a clause, similar to that contained in the first section of the act of 1807, Digest 88, S. 1 ; which directs, that a deed of real estate, acknowledged and proved in a particular manner, and certified, shall be received in evidence in any Court, as if the same were then, and there, produced and proved.

Some weight is supposed, by the counsel for the defendant, to be given to his view of the statute of 1808, because it makes use of the word *proved* as well as acknowledged. Both these terms are used with reference to the previous statutes of registration, which permitted a deed of real estate to be *proved* before certain officials, by the witness, and then admitted to record on the certificate of this proof, as well as in these cases, when the acknowledgment of the deed was certified. [Dig. 89, S. 7.]

It is unnecessary to consider what effect this statute would have, when real estate was conveyed, and the contest was between the grantee and a creditor of the grantor; or whether proof of the execution likewise proves the consideration to have been *bona fide;* but we feels atisfied that the statute of 1828, was only intended to place the deed on record, and nothing farther.

Whenever it becomes necessary to introduce such a deed in evidence, it must be proved as any written instrument; and before it can avail against creditors or subsequent purchasers,

without notice, it is farther necessary to show that it was recorded within the period limited by the statute.

Let the judgment be reversed and the case remanded, with instructions to dismiss the claim, unless a sufficient bond shall be given by the claimants, and for further proceedings, if one is given.