## F. R. & G. BAKER v. BLACKBURN.

1. Where in an action of trespass *quare clausum fregit*, the plaintiffs, to show their right to maintain the action in their joint names, introduced a deed by which one conveyed to the other, an interest in the land on which the trespass was committed, and offered to prove its execution by proof of the genuineness of the signatures.—*Held*, that as the defendant was neither a party or privy to the deed, it was necessary to prove that the deed was executed when it bore date, or at least that it existed at the time of the commission of the alleged trespass.

ERROR to the Circuit Court of Tuskaloosa.

This was an action of trespass *quare clausum fregit*, by the plaintiffs in error, against the defendant. Upon the trial, the plaintiffs, to show their right to maintain the action in their joint names, offered in evidence, the copy of a deed (having laid a satisfactory ground for the introduction of the secondary evidence) which bore date previous to the commencement of the suit, and purported to be executed by the plaintiffs, and proved by a witness, that he received the original from one of the plaintiffs, some days after the commencement of the suit. That the original was in the hand-writing of the plaintiffs, and that he had heard them acknowledge they had executed it. The deed purported to convey an interest in the *locus in quo* from one of the plaintiffs to the other. The court refused to permit the copy to be read, on the ground that there was no sufficient proof of the execution

of the original. To which the plaintiff excepted, and which is the error assigned.

COCHRAN, for plaintiff in error, cited, 1 Stewart 245, Norris Peake, 147, 154; 1 Phil. Ev. 476; Littell's Sel. Cas. 459.

PECK & CLARK, *contra.*

ORMOND, J.—It is certainly the general rule, *that* where a deed is offered in evidence, to which there is no subscribing witness, proof of the hand-writing of the obligor will author-ise the jury to infer its due execution. This rule must, however, in its application, be confined to those cases where the deed is offered in evidence against the maker. In this case, the deed offered in evidence, purported to convey an interest in the land from one of the plaintiffs to the other, and was the evidence of their right to maintain the action in their joint names, to which deed the defendant was neither party nor privy. This was in ef-fect an attempt to prove a fact by the declaration of the party in whose favor it was offered. The declarations or admissions of a party, are evidence against himself, but cannot be evidence against another, who was not privy to them.

Cases doubtless exist in which the declarations of a person against his interest have been held evidence against another. Thus in the case of Bliss v. Winston, [1 Ala. Rep. N. S. 344,] it was held, that the declaration of a tenant in possession could be given in evidence after his death, to show under whom he held the possession; but the allowance of such testimony depends on principles altogether different from those which must govern this case. The objection to the testimony in this case is, that it was not shown when the deed was made, and to hold that the proof of the signature established the date of the deed, would be to per-mit the party to make testimony for himself. To make it com-petent evidence against the defendant, it should have been shown that it was made when it bore date, or at least, that it existed at the time of the commission of the alleged trespass.

The case cited from Littell, merely shows that the probate and registration of a deed establishes the date of its execution. This is a decision upon the statute of Kentucky, authorising the regis-tration of deeds, and can have no application to the question here

presented.   In the case of Bradford and Dawson v. Campbell [2 Ala. 203,] we held that the registration of a deed under the act of 1828, did not dispense with proof of its execution when offer-ed in evidence.

There is no error in the judgment, and it is therefore affirmed.