HOBSON v. KISSAM & CO.
SAME v. CLUTE & MEAD.
SAME v. BAKER, JOHNSON & Co.
MURPHY v. JAMES PAUL.
NIXON v. J. R. W. & J. M. C. FOSTFR.

1. A certificate by the proper officer, indorsed upon a deed of trust, that the maker appeared before him, within the time prescribed by law, " and acknowledged that he signed, sealed and delivered, the foregoing deed of trust, to the aforesaid W. M. M." (the trustee,) is a sufficient acknowledgment of its execution, to authorize its registration.
2. After a levy on property, and bond given to try the right, a junior execution cannot be levied on the same property, pending the trial.  An execution issued on an elder judgment, but which has lost its *lien*, by the lapse of a term, will be postponed to one issued on a younger judgment, during such interval.
3. It is improper to send the original papers to this Court, and if sent, will not be looked to, to settle any disputed question.
4. Upon a trial of the right of property, the fact that an execution from the Federal Court had five years before been levied on the same property, and bond given to try the right, raises no question, until it is shown that the trial is still pending, although the levy of such execution was first made.

Error to the Circuit Court of Tuscaloosa.

TRIAL of the right of property claimed by the plaintiff in error, the defendants in error being execution creditors of Baker Hobson.

From a bill of exceptions, it appears, that the claimant derived his title by virtue of a sale made under a deed of trust, made by the defendant in execution, on the 25th March, 1839—the execution of which he proved by one of the subscribing witnesses—the plaintiff then read the certificate of the probate of the deed, as follows :

The State of Alabama,  }   Personally appeared before me, Cy-
  Tuscaloosa county.  } rus A. Miller, a justice of the peace for said county, the within named Baker Hobson, who acknowledged

that he signed, sealed and delivered, the foregoing deed of trust, to the aforesaid William M. Murphy. Given under my hand and seal, this 23d of April, 1839. C. A. MILLER.

Filed for registration the 23d of April, 1839, and on the same day and year recorded, in book P. &c.

Test: MOSES McGUIRE, Clerk.

And moved the Court to exclude the deed from the jury, for want of a sufficient certificate of probate—it not appearing thereby, that the deed was executed on the day it bore date—upon which motion the Court rejected the deed, there being no proof of express notice to the plaintiff, of the execution of the deed.

The claimant then introduced certified copies of six alias executions, which issued from the Circuit Court of the United States at Mobile, in favor of Suydam & Nixon v. Baker Hobson, and which were, on the 22d April, 1840, levied on the same slaves as the present execution, and proved, that the said property was claimed by the trustee, and bond given to try the right, and insisted that the slaves were not subject to levy under this execution, because of the previous levies from the Circuit Court of the United States, and bonds given to try the right of property. But the Court held, that as it was not shown affirmatively, that the suits for the trial of the right of property were still pending in the Federal Court, it interposed no obstacle to the levy of the plaintiff.

The claimant then introduced an execution from the County Court of Tuscaloosa, in favor of Baker, Johnson & Co. against Baker Hobson and others, which came to the sheriff's hands on the 24th August, 1839, and was on the 25th January, 1840, levied on the same slaves now in controversy, and that the claimant gave bond for the trial of the right, which was still pending in the Circuit Court of Tuscaloosa, and insisted, that in consequence of this previous levy, they were not subject to the levy of the plaintiff's execution—but the Court held, that as both executions issued from the same Court, and as the trials of the right of property were depending in the same jurisdiction, the said levy could be made.

The claimant then proved, that the first execution in this case, issued on the 8th March, 1839, and was returnable to the July term of the County Court—that no other execution issued until

the 18th November, 1840, under which the levy in this case was made, and insisted that by the lapse of an entire term, the first execution had lost its lien, and that the levy on the last execution must be postponed to those previously mentioned; but the Court overruled the objection, and charged the jury, that the property levied on in this case, was liable to the satisfaction of this execution. To all which the claimant excepted, and which he now assigns as error.

MURPHY and JONES, for the plaintiff in error:

The question upon the probate of the deed, has in effect been decided in this Court, in Bradford v. Dawson & Campbell, 2 Ala. Rep. 203. The different acts on the subject, when collated, show, that the probate is not of the substance of the requisition, necessary to put a deed upon record, though to make it evidence, under the statute, it may be, that the form must be strictly pursued.

The case of Bradford v. Dawson has been repeatedly recognized, and approved by this Court, in 2 Ala. Rep. 314; 3 Ala. R. 629; 4 Ib. 469, and 5 Ib. 297.

The levy of the execution of the Federal Court, placed the property in the custody of the law, and it was not necessary to show, that it was still pending. [10 Peters, 400; 6 Ala. Rep. 45.] The issue, in such a case as this, is to the time of the levy. [5 Ala. Rep. 770; 6 Id. 27-] And having proved that there was a levy, and a bond for trial, it devolves on the other side to show it was at an end.

As to the execution of Baker, Johnson & Co., it was evidently entitled to priority over the execution of the plaintiff.

THORNTON, PECK and CRABB, contra:

The statutes of registration contemplated two purposes, the giving of notice, and the perpetuation of testimony. The first is common to all the acts—the last is confined to absolute deeds of real estate. The law merely requires deeds of trust to be proved as deeds for real estate, and does not make the probate evidence of the execution of the deed. The case of Fipps v. McGehee, 5 Porter, 403, is not shaken by the cases cited from 2 Ala. Rep. 203. That case merely determines, that where the deed is executed on the day of the pro-

bate, the body of the deed may be looked to, in aid of the probate.

The statute has prescribed the manner in which the deed shall be proved to admit it to record, and gives to it when thus proved and recorded, the effect of actual notice. A registration upon an irregular probate, cannot have the effect of constructive notice, as has been repeatedly held. [4 Kent's Com. 174; 2 Binny, 45; 3 Cranch, 155.

As to the second point they contended, that to give effect to the previous levy, it must be shown that the trial of the right of property was still pending.

ORMOND, J.—The principal question in the cause, whether the probate of the deed of trust offered in evidence by the claimant, was sufficient to authorize its registration, depends upon the proper construction of the statute. [Clay's Dig. 152, § 7.] "Any deed of conveyance of real estate may be admitted to record if acknowledged by the makers thereof, or be proved by any of the subscribing witnesses thereto, and the following shall be the form of the certificate of acknowledgment, or probate of all deeds: Personally appeared before me, &c., the above named A. B. who acknowledged that he signed, sealed, and delivered the foregoing deed, on the day and year therein mentioned, to the aforesaid C. D." The succeeding part of the section varies the form when the probate is made by the witnesses to the deed, but in all other respects is the same.

The act of 1828 provided for the probate, and registration of deeds of trust of personal, and real property, requiring the first to be recorded in the County Court, where the maker resided, within thirty days after the execution of the deed, and the last within sixty days, in the County Court of the County where the property is situated, " or to be void against creditors, and subsequent purchasers without notice." A succeeding section declares that " such deeds and conveyances of personal estate, shall be proved or acknowledged as deeds and conveyances of real estate." [Clay's Dig. 256, § 7.]

The design of this act is, to give notice of the deed; for this purpose it is to be recorded, and to authorize its registration, it must be acknowledged by the maker thereof, or be proved by any of the subscribing witnesses thereto, before one of the officers

Hobson v. Kissam & Co., &c. &c.

named in the act.   These are the conditions, and the only conditions, prescribed by the act, to the admission of the deed to record, and when they are complied with, the party has the right to have his deed registered.

The act of 1828 does not provide for the mode, or manner of the probate, but by reference to the previous registry acts of absolute deeds of real estate, and in Bradford v. Dawson & Campbell, 2 Ala. Rep. 203, and again in Ravisies v. Alston, 5 Ala. R. 277, we considered, that the reference to the former act was merely for the probate of the deed, and that it was not an adoption of that portion of the act, which made the certificate of the probate evidence.   Thus in the first cited case, it is said, " It is obvious that proved, or acknowledged, must refer to the recording of the instrument, and nothing further.   The effect of the probate is to admit the deed upon the record, and there it operates as notice to all the world."

The design of the act of 1828 was to prevent frauds ; for that purpose it declared the deed void unless recorded within thirty or sixty days.   The whole object of the registry was notice; it subserved nothing else.   It would be therefore most unreasonable to suppose, that the Legislature made any reference to the " form" of the certificate provided by the act of 1812, when that *form*, if strictly pursued, could accomplish no object whatever. The act of 1812, on the contrary, was not only intended for notice of the transfer of the title, but also to provide evidence of the due execution of the deed, by which the transfer was made.   We can see no reason whatever, for departing from the plain, and intelligible language of the act of 1828, that deeds of trust shall " be proved, or acknowledged, as deeds of real estate ;" which is, *by the acknowledgment of the maker, or by proof of any of the witnesses thereto.*

The act of 1812, to which reference is made, proceeds further to provide the " form" of the certificate, which the officer appointed to take the probate shall make ; the apparent object of this enactment was to produce uniformity in these certificates, which by the terms of the act were to be evidence of the facts recited in them, and by a succeeding section it is declared that they shall be good, if they contained the " substance," whether in the form or not, of that given in the act.

We need not stop to inquire what would be "form," and what
46

" substance," in a certificate of probate of an absolute deed of real estate ; it would be strange however, if any thing could be considered matter of substance, which the statute did not require, and that is peremptory, that the deed shall be recorded, if " acknowledged, or proved, by any of the subscribing witnesses." Certainly, however, that cannot be considered matter of substance in the certificate of probate, which, if inserted, could accomplish no purpose whatsoever. If any thing can be entitled to the appellation of form, it must be that which, if done, attains no object. Such is the case here ; if the certificate had been drawn out, in the form given in the statute of 1812, it would have accomplished nothing, beyond putting the deed on record, and to that, by the express terms of the statute, the *cestui que trust* was entitled, upon the acknowledgment of the execution of the deed, by the maker. If he desires to claim any benefit under the deed, against a creditor of the grantor, he must prove its due execution, as well as the adequacy of the consideration.

If it were conceded, that the form of the certificate ascertains the extent, and character of the oath, or acknowledgment which is required to be made, it could not be tolerated, that a mistake in the officer in making his certificate, when the proper proof or acknowledgment had been made, should vitiate the registration. Yet this would seem legitimately to follow, from the doctrine contended for. When the party has complied with the law, and has done all in his power, it cannot be vitiated by the ministerial act of the officer of the law.

This question has been incidentally before this Court, in several cases, in many of which the distinction is drawn, between our registry acts, considered as such, merely, and where the certificate is made evidence. See the cases cited in the argument of the counsel for the plaintiffs in error.

The case relied on of Heister v. Fortner, 2 Binney, 44, merely establishes the general principle, that an irregular registration of a deed, is not notice. In that case, the proof of the execution of the deed, was made before an officer not authorized by law to take the proof, and it was therefore in effect the registration of a deed without proof. So in Hodgson v. Butts, 3 Cranch, 140, the statute required proof of the execution by three witnesses, to place a mortgage on the record, and the instrument was recorded on the proof of two only. There was therefore in this, as in

the last case, a want of power in the recording officer to make the registry of the deed.

There are, however, highly respectable authorities the other way, and going the entire length, that when the object is notice merely, it is sufficient if the instrument is recorded. In Trudeau v. Smith's Syndicks, 12 Martin, 543, 2 Con. Rep. Lou. 372, it was held, that although the code required that mortgages should not be recorded after the expiration of the legal term, without an order of the Court given for that purpose, yet that a mortgage recorded after the expiration of the term, without such order, would be effective as notice to third persons.

Our decision is based upon the fact, that the statute does not require any thing more to the registry of a deed, of this description, than that it be acknowledged by the maker, or its execution proved by any of the witnesses thereto, within thirty days after its execution, if of personal property, and within sixty if it convey real property, and be recorded, it is then notice to all the world. This regulation is not, as is supposed, for the protection of those claiming under the deed ; on the contrary, as it respects deeds of trust of personal property, it is a burden imposed on them, for the benefit of creditors, and purchasers, as the deed, if valid, would be effectual at common law, without notice to them, either actual or constructive.

The deed is to be registered to give notice of its existence, and is to be acknowledged, or proved to have been executed, before it is recorded, merely to prevent a spurious instrument from being placed upon the records of the county. This is all that the statute requires, and the entire object of the registry being notice, it would be most unreasonable to infer, in the absence of any statute requiring it, that the certificate of the officer taking the probate, or acknowledgment, should state any thing which the statute had not made a prerequisite to such registration. Whether the deed was executed on the day of its date, and all other matters necessary to its validity, must be established by those claiming under the deed, if their title is questioned. The statement of these facts would be therefore wholly useless, to say the least, in the certificate of the magistrate.

As it respects the trial of right of property, alledged to be pending in the Federal Court, and relied on as a bar to the levy of the plaintiffs' execution, we do not propose to consider any

other question, than that presented on the record; and in that we think there is no error. No presumption arises, that a trial of right of property instituted in 1840, was pending five years afterwards, and until that fact was shown, no question could arise as to priority of *lien*, between the execution from the Federal Court and that of the plaintiffs in execution. If the levy on the Federal Court execution has been abandoned, or is determined, it is as if it never was made, so far at least as it regards the claimant.

It appears that the first execution of the plaintiff, issued on the 8th March, 1839, and was returned to the next return term, in July succeeding. No other execution issued until November, 1840, upon which the levy in this case was made. On the 24th August, 1839 a *fieri facias* issued at the suit of Baker, Johnson & Co. against the same defendant, which, on the 25th January, 1840, was levied on some of the same slaves subsequently levied on by the plaintiffs execution. It is well settled, that an alias execution issued after the lapse of an entire term, after the original, coming in conflict with an execution of a junior judgment creditor, which had come to the sheriff's hands during such interval, will be postponed to the latter. Such was the construction of the act of 1828, relating to the satisfaction of executions, in Wood v. Garey, 5 Ala. Rep. 50. In a contest therefore, between the execution of the plaintiff, and that of Baker, Johnson & Co. the *lien* of the latter will be preferred.

In Langdon & Co. v. Brumby, 7 Ala. Rep. 53, it was held, that where property was levied on, and bond given to try the right, the same property was not subject to levy by a junior execution creditor, until the claim was determined. The same principle was again affirmed in Kemp v. Buckey and Porter, Ib. 138. In this case it appears that the execution of the plaintiffs, by their omission to cause it to be re-issued, during an entire term, had lost its priority over that of Baker, Johnson & Co., which attached whilst the execution of the plaintiff was dormant in the office; it had therefore the superior *lien*, and bond being given to try the right of property, the same property was not subject to be levied on, by the plaintiffs, whose execution by their laches, had become junior to that of Baker, Johnson & Co. This was the precise point in Kemp v. Buckey and Porter, as the converse had been held in Langdon & Co. v. Brumby, previously cited. It does not vary the case, that both trials are depending in the

same Court—the principle of the decision being, that the claimant has given bond for the production of the property to the senior judgment creditor, if he succeeds in condemning it, and it will be no answer to his demand, that it has been taken from his custody by proceedings at the suit of a *junior* creditor. It follows, that the Court erred in its charge upon this point of the cause.

It appears that there was a contest in the Court below, as to the true date of the deed of trust, whether it bore date on the 23d or 25th March. The bill of exceptions contains, what is called a *fac simile* copy of the deed, from which it would seem to be doubtful which was the true date. The original was produced on the argument of the case for the inspection of this Court, which the Court declined to notice. We have on several occasions adverted to the impropriety of sending up the original papers, instead of the record. This is objectionable, not only because it puts in hazard the loss of the originals, by which the parties might be prejudiced, but because this Court has only appellate jurisdiction. All controverted questions of fact, must be settled by the primary tribunal. In this case, indeed, there is no controversy, so far as we can judge from the record, as it is stated that the deed was dated on the 25th March, 1839. We may conjecture that there was some difference of opinion as to the true date of the deed, but whether its date was determined by the Court, or left to the decision of the jury, is not stated. It is perfectly clear however, that no question is raised upon the record in reference to the date of the deed, and if there was, it could not be determined by this Court, by an inspection of the original.

These principles are decisive of all the cases, which must be reversed, and remanded, except Nixon v. J. & J. Foster, which is affirmed.