## OLIVER v. ELLZY.

1. When money is received by one from a sheriff to which another is entitled, but the person receiving it gives a bond of indemnity to the sheriff, reciting the attachment of the money at the suit of a stranger, against the person entitled, and providing for the repayment unless the money is determined to belong to the person receiving it, these recitals are not evidence of the existence of the attachment in a suit by the person entitled against the one receiving it. If however, the existence of the attachment in 1840, was shown, the presumption, from the lapse of time, is, that it was discharged so as to determine the lien.

Error to the Circuit Court of Montgomery.

ASSUMPSIT by Ellzy, against Oliver, to recover a sum of money due by promissory note. The defence is payment and set off.

At the trial, the defendant offered evidence conducing to prove, that he had purchased from the plaintiff a certain claim held by him against one Williams. It appears that this claim was reduced to judgment, in South Carolina, in the name of Ellzy, and that the money was paid by Williams to the sheriff. Ellzy claimed the sum collected from the sheriff, and threatened to rule him as he declined paying it over on the ground that Oliver also claimed it. After some conversation between the sheriff and Ellzy, the latter said he claimed only one half of the sum collected, and some $355, was paid him upon his executing a bond of indemnity, with sureties, to the sheriff, conditioned to be void if that sum claimed in the sheriff's hands by an attachment, at the suit of Mayhew and another against W. B. Oliver, should be determined to belong to Ellzy. The bond is dated 6th November, 1840, and there was no other evidence in the cause than before stated, except the statement of a witness, that after the death of the sheriff, in 1841, Ellzy claimed the balance of the money collected from Williams, which balance, with other cases, was

tied up in the court of equity, at the time the witness answered, under a bill for the final settlement of the deceased sheriff's office.   On this state of proof, the court charged the jury, that if the money sought to be set off was attached in chancery in South Carolina, and Ellzy received it from the sheriff as above stated, then the money was to be considered as in custody of the law, and could not be set off in this action, unless it was shown the chancery suit was disposed of, and the money relieved from the operation of the attachment.

The defendant excepted to this charge, and it is now assigned as error.

J. D. F. WILLIAMS and A. MARTIN, for the plaintiff in error, insisted that as money cannot be attached in the hands of the sheriff the attachment was inoperative, but independent of this, the presumption, from the lapse of time, is, that the suit was ended.   [Hobson v. Kissam, 8 Ala. Rep. 363.]   The *onus* of showing the attachment is with the plaintiff, who asserts its existence.   [Henman v. Pope, 1 Gilman, 131; 1 Greenl. Ev. 85.]

MAYS and ELMORE, contra, cited Crawford v. Simonton, 7 Porter, 110; Lock v. Miller, 3 S. & P. 13; 8 Cowan, 304; 4 Wend. 604, and insisted it rested with the defendant to show the determination of the attachment suit.

GOLDHWAITE, J.—There is no difficulty in this cause when the facts are ascertained.   If the money collected by the sheriff in South Carolina belongs of right to Oliver, its receipt by Ellzy, under ordinary circumstances, would make him accountable to the true owner; but we understand his counsel to insist, that inasmuch as he executed the indemnity bond to the sheriff, he is entitled to be considered as holding the money in the same manner as the sheriff held it— and that if it was there attached, it is in custody of the law, until the attachment is discharged.   If all this is conceded, we think it very clear the *onus* is with the plaintiff to show the existence, in point of fact, of the attachment of the mo-

ney.    There is no evidence that the money has ever been
attached in the sheriff's hands, except the admission growing
out of the recitals in the indemnity bond, and these certain-
ly cannot bind Oliver.    But if it was made to appear that the
attachment recited in the bond was levied in 1840, the in-
ference arising from the lapse of time is, that it was so dis-
posed of as to discharge the lien.    It was so ruled by this
court in Hobson v. Kissam, 8 Ala. Rep. 363, under circum-
stances which in principle are not distinguishable from this
point in the case.

Let the judgment be reversed, and the cause remanded.