## DOLIN v. GARDNER.

4. To admit a deed to record, on proof of a subscribing witness, it must appear from the probate, that the witnesses subscribed in the presence of the maker of the deed, and in the presence of each other; and on the day and year mentioned in the deed.

2. When a purchaser of land, asserts title by a conveyance, made after judgment was obtained against his vendor, before a justice of the peace, as against the judgment creditor, he must prove that he is not a volunteer, but that his conveyance is upon valuable consideration.

Error to the Circuit Court of Lowndes. Before the Hon. Ezekiel Pickens.

THIS was an action of tresspass, to try titles to several parcels of land, brought by plaintiff against defendant in error, and to recover damages. By a bill of exceptions, it appears, that plaintiff introduced, in evidence, three different executions, issued on judgments rendered in a justice's court, of Lowndes county, on the —— day of ——— 1841—one against John W. Bennett and Irvin Walker, one against Hays Walker, and the other against Irvin Walker. Each of these executions issued on the 10th Oct. 1844 and were on the same day levied by a constable, for want of personal property, on the lands in controversy. The plaintiff then produced in evidence, the records of the circuit court of Lowndes, at its fall term 1844, ordering a sale of the lands levied on under the executions, and the three writs of *venditioni exponas*, issued on said order, on the 18th Nov. 1844, commanding the sheriff to sell said lands. He also proved, and read the deed of the sheriff to him, for said lands, dated 6th January, 1845, and possession by the said Irvin Walker and Hays Walker, of a part of the lands previous to the sale, and possession by the defendant at the date of the writ. The defendant introduced a patent to Irvin Walker and Hays Walker, for a part of the land sued for; a deed from them to Owen Halford, dated Feb. 14th 1844, and recorded on the affidavit of a subscribing witness, who swore, " that he saw the grantors sign,

seal and deliver, the within deed, to the within named Owen Halford, on the day and date therein written, and that he signed the same as a witness, and that he saw L. W. Ramsey and Joseph Halford, sign as witnesses:" and a deed from Owen Halford, to the defendant, dated 31st Oct. 1844, at the bottom of which, there is a covenant warranting the title to the grantor, executed by Redding Halford and Williamson Harrison, and an acknowledgment by said Redding Halford and Williamson Harrison, before a justice of the peace, " that they signed, sealed and delivered the above warranty, to the above named D. Gardner, (the defendant) on the 1st day of March, 1844." There was no proof of the execution of the deed by Owen Halford, and no other probate than the above, though it appeared to have been recorded. The plaintiff objected to the introduction of the deed of the Walker's to Owen Halford, and of Owen Halford to defendant, without further proof, but the court overruled his objection, and charged the jury, that the better title was with the defendant, and that the plaintiff could not recover. The plaintiff excepted to this charge, and now assigns it, and the rulings of the court as error.

ELMORE, for plaintiff in error.

1. The deed of the Walkers to Halford was erroneously admitted by the court. The probate is almost identical with that in Brock v. Headen, 13 Ala. 370.

2. There was no probate at all to the deed from Halford to Gardner. There was an acknowledgment by another Halford, and Harrison, that they guaranteed the title. The court below totally misconceived the facts, and law.

3. The plaintiff proved the existence of the debts, and judgments on them, against the Walkers, the grantors, before the transfer or conveyance of the land by them to Halford; and this required the defendant to show the purchase by Halford for a valuable consideration, and in good faith, or a purchase by Gardner from Halford for like consideration, and in good faith, but the court overlooked this, and pronounced on the facts. McCain v. Wood, 4 Ala. 258.

J. B. STONE contra.—1. The probate, if it does not follow the

exact form of the statute, contains, at least, the substance, and therefore, is unobjectionable. Clay's Dig. 153, § 9.

2. The case relied on by the plaintiff in error, in 13 Ala. R. 370, is unlike the present; the deed, in that case, was a deed of trust to secure creditors: the deed, in the case at bar, is an absolute conveyance of real estate.

3. The case cited by the plaintiff in error, from 4 Ala. R. 258, is also distinguishable from the present, it being a trust deed to secure creditors.

CHILTON, J.—The act of 1812, Clay's Dig. 152, § 7, requires the witness who proves a deed for registration, to swear to the subscription of all the parties, setting out their names; that the witnesses subscribed in the presence of the maker of the deed, and in the presence of each other, and on the day and year named in the deed; and in Phipps v. Mc-Gehee et al. 5 Por. Rep. 434, it is said, the substance of the form prescribed by the statute, must be pursued. See also Brock v. Headen, 13 Ala. Rep. 370; Shelton v. Armor et al. ib. 652. The certificate on the deed from the Walkers to Halford, does not conform to the statute, as it fails to show that the witnesses subscribed in the presence of each other, and in the presence of the maker. This may appear as useless *formula;* but it is a requisition of the statute law of the state, and the courts are bound to observe it, so long as the legislature chooses to continue it in force. The case of Bradford v. Dawson et al. 2 Ala. Rep. 203, does not militate against the view here taken. The deed from Owen Halford, to the defendant, was not certified, either as acknowledged, or proved. The certificate refers merely to a covenant of warranty, indorsed upon it by third persons, not parties to the deed. Its admission, against the plaintiff's objection, there being no proof of its execution, was clearly erroneous.

The controversy in this case, was between a *bona fide* creditor, who had purchased the land under orders of sale, in satisfaction of his debt, and one who derived title through the debtor, by conveyance executed subsequent to the rendition of the judgments before the justice. In such case, it is the settled law, that the purchaser, in order to defeat the creditor, must show that he holds *bona fide*—that he is not a

volunteer, but that his conveyance is upon a valuable consideration. Thè bare recitals in his deed, in such case, are not sufficient. Bank v. Kinsey, 5 Ala. Rep. 12; Falkner v. Leath and Jones, at the last term. No such proof having been adduced by him in this case, the court erred in charging the jury, in effect, that his title was paramount to that of the plaintiff.

Let the judgment be reversed, and remanded.

NOTE BY THE REPORTER. For the form of the certificate of deeds of trust—see Hobson v. Kissam & Co., 8 Ala. 357.