## JACOTT, SMITH, BRIGHT & JONES v. HOBSON.

1. A proceeding in which the right of property is to be tried as provided by statute, is a *suit* or *action*, within the meaning of the acts which authorize the dismissal of a *suit* or *action*, if security for costs is not given when required by a non-resident plaintiff; and if non-resident plaintiffs in execution fail to give such security upon a requisition duly made, it is competent for the court to dismiss the levy at their costs.

Error to the Circuit Court of Tuscaloosa.

E. W. Peck, for the plaintiff in error, insisted, that the statutes requiring a non-resident plaintiff to give security for the costs of suit, did not apply to the plaintiff in execution in a proceeding under the statute for the trial of the right of property; that such a proceeding is neither a suit at law, or in equity, but intended to render unnecessary a resort to an action. A person whose property has been seized under a *fieri facias* against the goods and chattels of another, may maintain detinue, trover, or trespass, according to circumstances; then he becomes an actor, and cannot require security for the costs, of the defendant; and if instead of pursuing this course he adopts the summary remedy provided by the statute, he cannot make such a requisition. [See Clay's Dig. 316.]

The statute requiring security for costs was passed previous to the act which provides for the trial of the right of property, and of course did not contemplate such a proceeding. It has been held that the former does not apply to a case in this court. [Minor's Rep. 328.] The case relied on by the defendant, in 5 Ala. Rep. 539, arose under the 36th rule of Chancery Practice, which differs from the statute.

W. M. Murphy, for the defendant. The case cited from Minor's Reports, turned upon the ground that this was an appellate court, and the requisition of security was the exercise of original jurisdiction. There is no difference in principle

between the case in 5th Alabama Reports and the present. It is there determined, that such a proceeding as the one before us, is " a suit at law ;" and this is quite sufficient to make the statute applicable.

COLLIER, C.·J.—The several acts of 1807, provide that the defendant, in " every action at common law, or suit in chancery," may require security for costs to be given by a non-resident plaintiff, within sixty days after notice, &c. *Further*, that an attorney suing out process in the name of such plaintiff may be required to give the security ; and if in either case, the requisition is not complied with, the suit shall be dismissed. [Clay's Dig. 316-17, § 26, 27.] By the act of 1811, it is provided, that if a plaintiff remove out of this State, after the institution of the suit, he may be required to give security pursuant to the provisions of the previous enactments. [Id. § 28.] The question is, whether these statutes, either in terms, or by an equitable construction, embrace the case of the trial of the right of property arising under the legislative acts which provide for that proceeding. These latter enactments authorize one person whose property has been levied on under an execution against another, to make oath that he has a legal title to the same ; and upon entering into bond with surety, conditioned to try the right, &c. the sheriff is directed to return the execution, with the consequent proceedings, to court. Thereupon an issue is made up, under the direction of the court, to determine whether the property in question, is liable to satisfy the execution, and the *onus probandi* lies upon the plaintiff therein. [Clay's Dig. 210 to 214.]

In the case cited from Minor's Reports, by the plaintiffs in error, the motion for security for costs was overruled, upon the ground that the statutes on the subject did not apply to a cause in this court, where, except in a few cases, it was not authorized to exercise original jurisdiction ; and then only with a view to the superintendence and control of inferior jurisdiction ; that the requisition pertained to an original jurisdiction, and did not come within the exception. It is provided by statute, that appeals from a justice of the peace shall be tried *de novo ;* and it has been decided that in such

case, "the defendant had the same right to require security for costs, as in any other suit pending in the circuit or county courts." [Thompson v. Miller, 2 Stew. Rep. 470.]

The 36th rule for the regulation of practice in chancery provides, that where a suit at law, and a bill in chancery are instituted for the same claim or demand, the court may, on suggestion of the defendant, supported by affidavit of the identity of the ground of the suits, order the plaintiff to elect in which he will proceed, and dismiss the other. In the Planters and Merchants Bank of Mobile v. Borland, 5 Ala. Rep. 531, a suggestion was made under this rule, that the plaintiff was the complainant in a bill in chancery, and plaintiff in execution in the trial of the right of property under the statute—both of which were for the "same claim or demand." This court said, this is not a common law action to recover the property —"but the plaintiff, by causing his execution to be levied on it, as effectually asserts that he is entitled to its value, under the claim created by his judgment, as he could have done by bringing an ordinary action at law. The claimant comes in and denies the plaintiff's right to the property to satisfy his execution—and under our statute an issue is required to be made up between the parties, which as effectually tries the title as it could be tried in an action of trover or detinue. The proceeding on the part of the plaintiff may be regarded as a statutory action, in which the leading process is the execution. In view of the trial and initiatory steps, it is concluded that the proceeding is "a suit at law," within the fair interpretation of the rule.

Both the acts of 1807 and 1811 use the terms "action," and "suit," as synonimous, and rather in a popular than in a technical sense; and this interpretation is favored by the decision cited from *second Stewart*, in which it was held, that security for costs might be required on an appeal from a justice of the peace; for such a case cannot be referred to either of the classes of actions known to the common law. The citation from *fifth Alabama* establishes, that it was not only a "suit at law," within the chancery rule, but the reasoning employed proves that it is a *suit*, within the general understanding of the term; and the plaintiff is the actor. Taking

this to be so, and there is no ground for controversy upon the question involved.

Here the plaintiffs in error were plaintiffs in execution—they were non-residents; the defendant interposed a claim to the property which had been levied on, and gave bond and surety according to the statute; the requisition for security for costs was regularly made, and not complied with. Under these circumstances, we are of opinion that the levy was rightly dismissed at the plaintiff's costs; and the judgment is therefore affirmed.