### EXECUTORS OF ROBERTSON *vs.* ALLEN.

1. If a subscribing witness to an instrument becomes incompetent from interest, without the fault or agency of the party who claims under it, secondary evidence is admissible to prove its execution.

2. It is not necessary, that a party should introduce a subscribing witness to an instrument, who is incompetent to testify, and give the opposite party an opportunity of waiving all objection to his competency, before he is allowed to prove its execution by other testimony.

3. A legatee under a will is *prima facie* an incompetent witness for the executors in a suit against them, for money alleged to have been due by the testator.

4. Although a written instrument may contain the highest evidence of a witness' interest, it is not indispensably necessary to produce it.— The proof may be made by the witness himself on *voir dire*, or by any other person who is able to testify to the fact.

5. Where an error is shown to have been committed by the primary court, the presumption is that it worked an injury to the party complaining; and the judgment must consequently be reversed, unless it satisfactorily appears that no injury could have ensued.

Error to the Circuit Court of St. Clair. Tried before the Hon. Thomas A. Walker.

Assumpsit by the defendant against the plaintiffs in error, as executors of John Robertson, deceased. The plaintiff offered proof tending to show, that the testator of the defendants, between the first and tenth days of September 1840, promised the plaintiff to pay him two hundred dollars, if he would give up a negro girl, named Mary, then, and before that time in the possession of the plaintiff, and to which he laid claim as a gift from said testator, of whom he was the son-in-law; and that said girl about that time went into the testator's possession. The defennant then, after proving by one Collins the signature of the subscribing witness, and that said subseribing witness was a son of the testator and a legatee under his will, offered to read to the jury, a bill of sale from the plaintiff to said testator for the girl Mary, dated the 28th of August 1840. The plaintiff's counsel objected to the introduction of the bill of sale, because it had not been proven by the subscribing witness, and proposed to waive all objection to his compe-

tency, and it being made to appear, that the subscribing witness resided in the county, the court excluded the bill of sale from the jury, and the defendant excepted. The ruling of the court is the error now assigned.

Pope, for plaintiffs in error:

Rice, for defendant.

DARGAN, J.—If a subscribing witness to a written instrument become afterwards interested, he is incompetent to testify in support of his own interest; and if his interest is acquired, without the agency or fault of the party who wishes to establish the execution of the instrument, he may resort to other evidence, than the testimony of the subscribing witness. Greenl. Ev. 607; Howel v. Stevenson, 15 Com. Law Rep. 516; Cowen & Hill's notes to Phil. Ev. vol. 3, note 894.

It cannot be necessary that a party should call a witness who is incompetent to testify, nor be at the expense of having him subpœnaed. If the opposite party wishes to examine him against his interest it is his duty to have him subpœnaed, but it would answer no purpose to compel the party to produce the witness when he has not the legal right to examine him. If therefore, the witness to the bill of sale, had become interested subsequent to its execution, the defendant who desired to prove its execution, should have been permitted to do so, by calling witnesses to prove the hand writing, and he was not bound to offer first the subscribing witness, to ascertain whether the plaintiff would object to him or not.

The suit was brought against the executors of John Robertson, the witness to the bill of sale was his son, and a legatee under his will, and we think it very clear, that he was *prima facie* incompetent to testify in behalf of the executors, for, whether he was a specific, a pecuniary, or a residuary legatee, he has an interest in creating a fund for the payment of the debts, that his legacy may be received without abatement. It is true, that under some circumstances, a legatee under a will might not be incompetent or interested; for instance, if the suit was by the executors to recover a debt due the estate, and there were no debts outstanding against the estate, a legatee who was entitled, under the will, to a speci-

fic chattel, and whose interest could not be affected by the result of the suit, might be a competent witness for the executor. But when the suit is for a sum of money against the executors, that the witness is a legatee under the will, raises the presumption of interest, and renders him incompetent.

But it is contended, that his interest could not be made to appear without the production of the will itself. This we do not understand to be the rule. Testimony to prove or disprove a witness to be interested is always addressed to the court, and, although the interest of a witness may be made to appear by a written instrument, I do not understand that it is indispensably necessary to produce the written instrument, but his interest may be shown either by his own testimony on *voir dire*, or by any other person who can testify to his interest, and who knows that he is to be benefitted or injured by the result of the suit. Indeed it would often lead to great injustice if a party was bound to produce the highest evidence of the interest of the witness. The deed or instrument in writing may not be in the power of the party objecting to the competency of the witness, or he may not have known that he would be offered, and to hold that the instrument creating his interest must be produced, would often compel parties to submit to illegal proof. 5 Con. Rep. 258; 7 Greenl. 51; 1 Gill. & John. 366.

But it is said, that the bill of sale, which the defendant was endeavoring to prove, was irrelevant, and therefore, that there was no error in rejecting it. It must be borne in mind that the court rejected the evidence offered to its execution, and no question was raised in the court below, whether it was relevant testimony or not. As the party was precluded from offering the bill of sale as evidence, by the ruling of the court, in rejecting the testimony introduced to prove its execution, no question in reference to its relevancy, was decided by the court below, and if we were to hold that the error committed could be cured, by deciding in this court another question that was not raised in the court below we might do the plaintiff in error great injustice. The correct rule, we think, is this, when an error is shown to exist, the presumption is, that the party complaining has been injured by it, and we must reverse the judgment, unless it satisfactorily appears that no in-

jury could have resulted from it. The court erred in reject-
ing the testimony offered to prove the execution of the bill of
sale, and we cannot presume that it would not have been rel-
evant proof, if it had been permitted to be offered to the jury,
but on the contrary, we must presume, that the defendant
could have shown it to be relevant, had he been permitted to
prove its execution.

The judgment must be reversed, and the cause remanded.