## GAYLE et al. vs. BANCROFT, Adm'r.

1. A security in a claim bond is not a party to the issue formed to try the right of property, and unless it is affirmatively shown by the record, that he appeared and assented to it, it is error to render a judgment against him.

Error to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

Certain slaves were levied on by the sheriff of Mobile county under an execution in favor of George Bancroft, the intestate of the defendant in error, against Phillips Gayle, William Bower and Duke Goodman, to which a claim was interposed by Richard W. Gayle and bond given by A. J. Gayle, John Gayle and Daniel M. Riggs. An issue was thereupon made up to try the right of property and after several continuances a judgment of condemnation was entered in the Circuit Court against the claimant and all the parties to the claim bond, by virtue of an agreement signed by "J. Gayle," as attorney of the claimant, and Chamberlain & Rapier, attorneys of the plaintiff in execution—which judgment and agreement are sufficiently noticed in the opinion of the court for an understanding of the question involved. This judgment is now assigned as error.

Hopkins, for the plaintiffs in error.

Rapier and Campbell, for the defendant.

CHILTON, J.—We may concede for the purpose of this decision that John Gayle, named in the bond and the agreement set forth in the judgment entry, and J. Gayle, the attorney who signed the agreement, are the same, yet if the judgment be against Riggs and is erroneous, it must notwithstanding be reversed.

It is insisted there is no judgment against the sureties of the claimant except for the cost, and that this irregularity can and ought to be rectified here at the cost of the plaintiffs in error. Let us examine this. The record recites, "This day came the parties by their attorneys, and by agreement of the parties it

is ordered by the court that the following agreement entered into by the attorneys for the parties be spread upon the minutes of the court *and made the judgment of the court.*" Then follows the agreement as a part of the entry, and this provides that an execution may issue against the principal and the securities for the sum of seven hundred dollars with interest from the time of the condemnation of the property and for the cost, after the expiration of one year, if in the mean time the slaves condemned shall not be delivered to the sheriff of Mobile county to be sold in satisfaction of the plaintiffs' execution, and the said debt remain unpaid. This is then the judgment of the court so expressly made by its order.

The next inquiry is, can we regard it as having been confessed by the securities or by any one authorised to confess the same for them. The entry says, " the parties came by their attorneys and by agreement of the parties, it is ordered," &c. Now we think this recital would hardly upon a fair construction of it justify the conclusion that the parties themselves were in court and in proper person entered into the agreement to make a previous agreement, which their counsel had made and reduced to writing, the judgment of the court. But if we concede that " the parties" were in person before the court, still we must ascertain who they were, and to do this we must look to the entry and see who are intended. The persons named in stating the case in the margin of the judgment entry were evidently *the parties* refered to, and they are the plaintiff and defendants in the execution, and the claimant. The names of the sureties in the bond are not to be found except in the body of the agreement which is ordered to be made the judgment of the court. So that to hold them concluded by the entry would do violence to the plain language of the record, unless indeed we hold that the fact of their being sureties on the claim bond makes them parties to the trial of the right of property. But this cannot be so. If the trial had progressed and the property had been condemned in the ordinary mode, no judgment could have been rendered against the sureties on the bond even for the costs and damages which might have been assessed for delay. " The bond is to have the force and effect of a judgment only in the event of a failure to deliver the property found subject to the execution, and the summary process of execution

against the sureties is authorised only on this failure."—Hughes et al. v. Rhea, Connor & Co. 1 Ala. 609-611. They were then no parties to the proceeding and cannot be considered as before the court by the recital that *the parties* came, &c. The case is therefore reduced to this: J. Gayle, *attorney for the claimant*, agrees that a judgment may be entered against his client, Richard W. Gayle, and against two of the three sureties on the claim bond, (if A. J. Gayle whose name appears on the bond, may be regarded in the light of a surety,) when the record fails entirely to show that Riggs, one of the parties to the judgment, was before the court in any way. This is clearly an error for which the judgment must be reversed. It is unnecessary to examine the question raised by the counsel as to the powers of an attorney at law to confess a judgment for his client, for as between Riggs and J. Gayle, who entered into the agreement as attorney for the claimant, the relation of attorney and client is no where in the record shown to have existed, and the maxim applies—" *Quod non apparet non est.*"—Broom's Max. 70. If in the absence of an averment in the record that the written acknowledgment of the acceptance of service of the writ was proved, we cannot intend that such proof was made so as to support a judgment by default, *a fortiori* must the record disclose that one who is a stranger to the proceedings and against whom a judgment was rendered, was before the court either in person or by his authorised agent or attorney.

We do not agree with the counsel that the party has not been injured by this judgment. The surety has the right to stand upon the terms of his contract, and it is very clear that his contract authorised no such judgment as the one rendered against him—as to presumption of injury from error.—See 16 Ala. 106; 9 ib. 567.

Let the judgment be reversed and the cause remanded.

DARGAN, C. J., not sitting.