# Webb *v.* Mullins.

*Statutory Action in nature of Ejectment.*

1. *Statutory provisions (Code, § 2948) as to form and requisites of deed.* The statute dispensing with the necessity of a seal, and giving effect to instruments in writing according to the intention of the grantor (Code, § 2948), being remedial, must be liberally construed, in order to suppress the mischief intended to be remedied, and to effectuate the purpose and intent of the law-makers; but, being also in modification of the common law, its operation will not be extended by construction.

2. *Writing not operative as conveyance.*—An instrument of writing in the form of a deed, under seal, signed, attested and acknowledged, but containing no words of grant or transfer, can not operate as a conveyance, though a regular *habendum* clause is inserted.

3. *Delivery and acknowledgment of deed.*—Delivery and acknowledgment (or attestation) are both necessary to give effect and operation to a deed, but it is not necessary that they shall be contemporaneous acts; when the delivery is subsequent to the acknowledgment, the deed takes effect from the delivery, and when the delivery is prior to the acknowledgment, it takes effect from the acknowledgment.

4. *Alterations or interlineations in deed.*—Alterations or interlineations in a deed, in the handwriting of the grantor, if made before or concurrently with its execution, do not affect its validity or operation; alterations made by him, or by his authority, after acknowledgment but before delivery, are inoperative without a new acknowledgment, when their effect is to enlarge the estate or premises conveyed; but, when their effect is to limit or restrict the estate or premises conveyed, and they are made by the grantor in pursuance of an intention expressed at the time of the signature and acknowledgment, they take effect from the subsequent delivery of the deed, and a second acknowledgment is not necessary.

5. *Description of lands in conveyance; judicial knowledge of public lands.*—The premises conveyed being described in a deed as a subdivision of a section in "fractional township twenty (20) of range thirteen (13)," the description is sufficiently certain and definite without adding the name of the county in which the lands lie, since the courts judicially know that there is but one fractional township answering the description, and that it is situated in Randolph county.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. JAMES E. COBB.

This action was brought by M. W. Mullins, as the administrator of the estate of Robert Bennifield, deceased, against Milton Webb, to recover the possession of certain lands, particularly described, which were subdivisions of sections three (3) and ten (10) "in township twenty (20), range thirteen (13) east, in said county of Randolph;" and was commenced on the 25th June, 1884. The defendant pleaded not guilty, and the cause was tried on issue joined on that plea.

[Webb. v. Mullins.]

On the trial, as appears from the bill of exceptions, the plaintiff read in evidence a patent from the United States to said Robert Bennifield, his intestate, "issued prior to the year 1875 ;" and it was admitted in evidence without objection. The defendant claimed under a purchase and conveyance from one Veal, who held under conveyances from James M. and Robert P. Bennifield, who were sons of said Robert Bennifield, plaintiff's intestate. To show title in said James M. Bennifield, the defendants offered in evidence an instrument of writing signed by said Robert Bennifield and his wife, each signing by mark only, in these words : "Know all men by these presents, that I, Robert Bennifield, for and in consideration of the love and affection which I have towards my beloved son, James M. Bennifield, the following described real estate, known as the S. ½ of N. E. ¼ and S. E. ¼ of N. W. ¼, S. 10, . of fractional township 20, range 13; to have and to hold to the said James M. Bennifield, his heirs and assigns forever. In testimony whereof, we hereunto set our hands and seals, this 16th day of March, 1875." To this instrument the name of Thomas E. Head was signed as a subscribing witness, and it was also acknowledged before him, as a justice of the peace, on the day of its date. The plaintiff objected to the admission of this instrument as evidence, on the following (with other) grounds : 1st, "because said writing contains no words of conveyance as a deed, and the description of the lands is too indefinite ;" 2d, "because said writing was never legally executed, and it is in fact no deed." The court sustained the objections, and excluded the writing as evidence ; and the defendant excepted.

The defendant offered in evidence, also, a deed dated the 16th March, 1875, signed by said Robert Bennifield and his wife, and attested by Thomas E. Head as subscribing witness ; and by which, in consideration of natural love and affection for his son, Robert P. Bennifield, said grantor conveyed to him "the following described real estate, known as the *N. 1-2 of S. E., and the N. E. of S. W.* of section 3, of fractional township 20, of range 13." Head testified in reference to this deed, that he wrote it at the instance and request of said Robert Bennifield, who said that his purpose was to divide his property among his children and convey it to them, and who acknowledged it before witness, as a justice of the peace, on the day of its date ; that at the time said deed was so written, signed, attested and acknowledged, the italicized words were not in said deed, but a blank was left for their insertion ; that this was done because the grantor "did not remember the subdivisions of the land he desired to convey to said Robert P. Bennifield, except the section, township and range, and for this reason the blank was left, to be filled up by said grantor.

The evidence tended to show, also, that said deed was signed at the residence of said witness, and not at the residence of the grantor, and that said grantor carried it away in blank ; and that said grantor afterwards filled up said blank, and then delivered the deed to the grantee ; but this evidence consisted only of the declarations of said 'Robert Bennifield, that his said son owned said land." The plaintiff objected to the admission of said deed as evidence, on these grounds : 1st, because the insertion of the italicized words, "after the signing, attestation and acknowledgment of said deed, did not convey the title to any portion of said lands sued for ;" 2d, "because the description of said lands in said deed was so uncertain as to render said deed void as a conveyance ;" and, 3d, "because said writing was never duly executed as a deed.'· The court sustained the objections, and excluded the deed as evidence ; and the defendant excepted.

These two rulings are the only matters assigned as error.

SMITH & LOWE, for appellant.

HEFLIN, BOWDON & KNOX, *contra.*

CLOPTON, J.—Section 2948 of Code provides : " A seal is not necessary to convey the legal title to land, to enable the grantee to sue at law. Any instrument in writing, signed by the grantor, or his agent having a written authority, is effectual to transfer the legal title to the grantee, if such was the intention of the grantor, to be collected from the entire instrument." The manifest purpose of the statute is to dispense with the necessity of a seal to a valid conveyance, and of formal, technical words of grant, release, or transfer. The statute is remedial, and should be liberally construed, so far as may be necessary .to suppress the mischief, and effectuate the purpose and intent of the law-makers ; but, being also in modification of the common law, it will not be presumed to modify it farther than is expressly declared ; and construction, or intendment, will not be resorted to, for the purpose of extending its operation.—*Cook v. Meyer,* 73 Ala. 580.

At common law, a deed must contain words of grant, release, or transfer, in order to pass the legal title to the land designed to be conveyed. The title to land can be transferred from one person to another, only by apposite and appropriate language. It was not the intention of the statute to dispense with the use of any words whatever, operative to convey. By the statute, the duty is imposed upon the courts to liberally construe the words employed in the conveyance as *words of transfer,* and give them effect and operation according to the intention of

8

the grantor, to be collected from the entire instrument. There must, however, be some words intended as words of conveyance. They can not be supplied by judicial interpolation. When the entire instrument shows the intent to pass the title, it will be so construed, if practicable, to have that operation. *Brewton v. Watson*, 67 Ala. 121; *Johnson v. Bantock*, 38 Ill. 111. The instrument to James Bennifield contains no words which can be construed to transfer the legal title, and was properly excluded. If the defendant is entitled to any relief in respect to this instrument, he must seek it in another *forum*.

In *Sharpe v. Orme*, 61 Ala. 263, the effect of interlineations apparent on the face of a deed was considered. It was held, that if they were made before, or concurrently with the execution of the deed and its acknowledgment, they are as operative as if originally incorporated therein; but, if material alterations are made after delivery, a new attestation or acknowledgment is essential to make them operative; and that the time, to which the inquiry as to the making of the interlineations should be restricted, is the acknowledgment or attestation of the execution. When the interlineations are in the hand-writing of the grantor, and are for the purpose of correcting imperfect descriptions of particular parcels of lands, the presumption is they were made before, or concurrently with the acknowledgment of execution; and if there is any evidence tending to repel this presumption, the question of fact must be determined by the jury. These rules govern when the effect of the alterations, if operative, is to enlarge the title or estate conveyed.

The deed to Robert Bennifield was signed, and its execution acknowledged, with a blank immediately preceding the descriptive words of the section, township and range. The blank was left, because the grantor did not remember the sub-divisions, which he was to insert afterwards. The evidence tended to show that the blank was filled by authority of the grantor, before or concurrently with the delivery of the deed. Attestation, or acknowledgment, and delivery are essential to the validity of a conveyance of land. Without delivery, its execution is not complete, and it has no operative force. An acknowledgment at one time, and a subsequent delivery, have, so far as respects the complete execution of the deed, the same effect as if they were cotemporaneous acts. The delivery relates to the acknowledgment, and the acknowledgment appertains to the delivery, from which time the deed takes effect.

In *Sharpe v. Orme, supra*, it was said: "Though these interlineations were made subsequent to the acknowledgment of the deed, they would affect its validity only so far as it purports to pass the title to the particular parcels of land, the de-

[Webb v. Mullins.]

scription of which is perfected by them. A fraudulent altera-tion of a deed by the grantee does not divest the title, which has vested in him." If the deed in question had been deliv-ered in the present condition in which it was when acknowl-edged, it would have transferred the title of the grantor to the whole of section three. Filling the blank did not incorporate any land not written in the body of the deed when acknowl-edged: it limited its operation, as a transfer of title, to sub-divisions, or a part of the same land. Had the deed been de-livered at the time of acknowledgment, and the blank filled afterwards, the title of the grantee would not have been divested as to any part of the entire section. The title to the entire section, however, could not vest in the grantee until de-livery. An alteration after acknowledgment, and before delivery, reducing the quantity of the land originally described in the deed, can not defeat the entire conveyance, and prevent title from passing to any part of the land, where the alteration is made by the grantor, or by his authority, for the purpose of carrying out his expressed intentions at the time of acknowl-edgment. Some effect should be given to such conveyance, and it should take effect as the grantor intended when he de-livered it. Conceding that attestation or acknowledgment, after alteration, is essential to make it operative, when the attestation enlarges the lands as written in the deed when orig-inally attested or acknowledged, such second attestation or acknowledgment is not requisite, when the alteration has the converse effect—to cut off the transfer of a portion of the lands.

It is also objected, that the deed is void for uncertainty. In what it is insisted the uncertainty consists, the argument of counsel does not inform us; but we suppose, because the de-scription of the land is by the numbers of section, township and range, without any allusion to the county, State, or merid-ian. The township is described as fractional. While there are several ranges thirteen, and each includes a township twenty, the courts judicially know that there is but one *frac-tional* township twenty of range thirteen in this State, and that it is situate in Randolph county. There is but one tract in the State to which the description in the deed is applicable. Besides, the action is brought by the personal representative of the grantor, to recover the lands as his property, who intro-duced in evidence the patent issued to the grantor; and the evidence of the justice who wrote the deed, and before whom it was acknowledged, shows that the purpose of the grantor, in making the deed, was to divide his property among his children. It may be that the finding of the attendant facts and circum-stances was the province of the jury, but the deed can not be

[Chadwick v. Carson.]

pronounced, *in limine*, void for uncertainty.—*Chambers v. Ringstaff*, 69 Ala. 140.

The deed to Robert Bennifield should not have been excluded on any of the specified objections.

Reversed and remanded.