# Winslow *v.* Jones.

*Detinue for Horse, by Mortgagee against Mortgagor.*

1. *Mortgage of personalty; substitution of property by agreement, by interlineation.*—A mortgage of personalty is not valid, "unless in writing and subscribed by the mortgagor" (Code, § 1731); yet, if the parties, by subsequent agreement, substitute one animal for another, by interlineation entered in the mortgage, such substitution is valid as between themselves.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. JOHN P. HUBBARD.

C. L. WILKINSON, and RICHARDSON & STEINER, for the appellant.

GAMBLE & POWELL, *contra.*

CLOPTON, J.—Appellant, as mortgagee, brings against appellees, as mortgagors, the action of detinue for the recovery of a horse. The mortgage, which was of personal chattels, was executed February 11, 1888, and included, at that time, two horses. Some months after, by request and consent of the mortgagors, both being present, one of the horses originally included in the mortgage was released therefrom, and in lieu thereof the horse now sued for was, by interlineation, substituted. The sole question presented is, whether, under section 1731 of the Code, which declares, "A mortgage of personal property is not valid, unless in writing and subscribed by the mortgagor," the mortgage is valid, and passed the title to the horse in controversy.

The general rule, that parties may alter or modify, at pleasure, their contract after its consummation, applies to deeds, and mortgages. An insertion of other personal property in a mortgage, is but a modification or alteration of the contract, which is not prohibited by any rule of law, and which the parties are competent to make. In reference to alterations and interlineations in a conveyance of real estate, made in the handwriting of the grantor, BRICKELL, C. J. says, in *Sharpe v. Orme*, 61 Ala. 263: "If it had

VOL. LXXXVIII.

[Allen v. Watts.]

been shown they were made after the delivery of the deed, the conclusion would be, that they were made by consent, and the validity of the deed would be unaffected by them, if it were not that an attestation by witnesses, or an acknowledgment of execution before a proper officer, is essential to the valid execution of a conveyance, passing the legal estate in lands." Neither attestation by witnesses, nor acknowledgment before an officer, is essential to the valid execution of a mortgage of personal property; hence the insertion of other personal property, by consent of all the parties, does not affect its validity. A re-subscription would be a mere formal and useless ceremony. In note 1 to section 568 of 1 Greenl. on Evidence, the annotator remarks, "When, therefore, a deed is materially altered, by consent of the parties, after its formal execution, the grantor or obligor assents that the grantee or obligee shall retain it in its altered and completed form, as an instrument of title; and this assent amounts to a delivery, or re-delivery, as the case may require, and warrants the jury in finding accordingly." When the mortgage to plaintiff was interlined in the manner shown, and again delivered to the mortgagee, with intent that he should retain it as thus altered, it became operative as an instrument of conveyance, having the same effect, as between the parties, as if a new mortgage had been made.—*Bassett v. Bassett*, 65 Me. 127.

Reversed and remanded.