# Dallas Manufacturing Co. *v.* Townes.

*Injury to Employe.*

(Decided June 10, 1909. Rehearing denied June 30, 1910.
50 South. 157.)

1. *Limitation of Action.*—Where the original complaint is not barred by the statute of limitation a proper amendment thereto relates back to the commencement of the action, and is not affected by the statute of limitation. (Sections 5367, Code 1907.)

2. *Master and Servant; Injury to Servant; Complaint.*—A complaint which alleges that the plaintiff was injured on account of the lights in the mill of defendant going out while he was assisting a contractor in placing machinery in the mill, by direction of the defendant, and that the hours for work were prescribed by the defendant, is not demurrable for a failure to show any duty on defendant to furnish lights to the contractor for work after dark.

3. *Master and Servant; Evidence.*—The evidence in this case stated and examined and held insufficient to show that the master was liable for a servant's injuries.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action for personal injuries by Charles L. Townes against the Dallas Manufacturing Company. Plaintiff had judgment, and defendant appeals. Reversed.

[Dallas Manufacturing Co. v. Townes.]

For former reports of this case, see 148 Ala. 146, 41 South. 988, and 154 Ala. 612, 45 South. 696.

The following counts of the complaint were demurred to:

(5) "Plaintiff claims of defendant the sum of $15,000 damages, for that heretofore, to wit, on or about the 6th day of January, 1903, the plaintiff had been and was employed and engaged by the defendant corporation as a helper to the servants and employes of the Saco-Pattee Machine Shop, an independent contractor, who was then and there engaged in setting up and equipping carding machines in the mills of defendant, in said county, under a contract with the defendant whereby said machine shops were to erect, equip, and set up certain carding machines. And the plaintiff was then and there by the direction of the defendant, through its superintendent, engaged as a helper in setting up said carding machine under the immediate orders and direction of one Jackson, who was then and there in the employ of said machine shop. And the plaintiff, while in the proper discharge of his duties as such helper under the said orders and direction of the said Jackson, had his left hand caught in and between the clothing of the cylinder of one of the carding machines, which was composed of fine, sharp wires, and the clothing of the slats of said carding machine, which was also composed of fine, sharp wires, and his hand was thereby so crushed, mangled, torn and bruised that he was confined to his bed, etc. (Here follows list of injuries and damages.) And the plaintiff avers that at the time of said injuries it was about 6 o'clock in the afternoon, and was dark, and the lights had gone out, or so nearly out, as to render it almost impossible to distinguish objects in the room. And the plaintiff avers that the injuries complained of were caused by the negligence of the defendant or its

servants or agents in permitting the lighting apparatus, or lights, which were electric lights, the electricity for which was generated on the premises, to become so defective as to render it unsafe for servants of the Saco-Pattee Machine Shop and for the plaintiff to work around said machinery after dark."

(6) This count alleges the same relation as that alleged in count 5, with the additional allegation that "while engaged in his duties as such helper in said carding room, by the invitation and direction of the defendant, and about 6 o'clock in the afternoon, the electric lights in said carding rooms, the electricity for which was generated upon the premises by the servants and agents of the defendant went out, or so nearly out as to render it difficult to distinguish objects in the said carding room. (Here follows the manner of the injury and the injuries complained of, as set out in count 5.) And plaintiff avers that said injury was caused by the negligence of the servant or agent of the said defendant in charge of the said electric light and the electric lighting apparatus which lighted said carding room, in permitting the same either said lighting apparatus or said light, one or both, to become so defective that they failed to give sufficient light for plaintiff to discharge his duties in said carding room, and so defective that they frequently went out, or died down low."

Count 8 alleges that plaintiff by invitation or direction of the defendant, through its superintendent was engaged in the work upon the premises under the conditions and for the purposes as alleged in count 5, with the injuries and their result as set out therein. The negligence ascribed to the defendant, its agents or servants, was that the defendant or its agents or servants either failed to furnish a proper and suitable plant for the generation of electricity used for lighting said premises,

or failed to keep said plant in a reasonably safe and proper condition, so that the same would generate suitable and sufficient light to enable plaintiff and other employes of said Saco-Pattee Machine Shop, engaged in and about the fulfillment of the contract above referred to, to perform their duty.

Demurrers were interposed to these counts, raising the points discussed in the opinion and also raising other points not discussed.

R. W. WALKER, and LAWRENCE COOPER, for appellant. The amendment worked a departure.—*Union Pac. Ry. Co. v. Wiley*, 158 U. S. 285; *A. & A. R. R. Co. v. Leadbeatter*, 92 Ala. 326; *King v. Avery*, 37 Ala. 173; 25 Cyc. 1308. The complaint did not show a duty owing by plaintiff in reference to the lights nor a breach of that duty.—85 Am. St. Rep. 618; 101 Fed. 526; 1 L. R. A. (N. S.) 283. The independent contractor and its employes had no claim upon the defendant to be furnished with artificial light for the prosecution of the work.—*Mayor, etc., v. McCary*, 84 Ala. 649; *Yarbrough v. Ala. Mid. Ry. Co.*, 94 Ala. 497; *Ala. Mid. Ry. Co. v. Martin*, 100 Ala. 511. The plaintiff assumed the risk of injury.—*Sloss- Sheffield S. & I. Co. v. Knowles*, 129 Ala. 410; *O'Brien v. Tatum*, 84 Ala. 186; *Henline v. B. & P. R. R. Co.*, 147 Mass. 136. The risk was incident to the service.—*Conway v. Furst*, 32 Atl. 380; *Kennedy v. Manhattan*, 145 N. Y. 288; *Gulf R. R. Co. v. Jackson*, 65 Fed. 48. The defendant was entitled to the affirmative charge on the evidence.—*Patton v. T. & P. Ry. Co.*, 179 U. S. 663; *L. & N. v. Allen*, 78 Ala. 494; *Southworth v. Shea*, 131 Ala. 419. The failure of the light was not the proximate cause of the injury.—*Pryor v. L. & N.*, 90 Ala. 32; 21 A. & E. Ency. of Law, 485; *Western Ry. Co. v. Mutch*, 97 Ala. 194; *Arnold's Case*, 80 Ala. 600.

[Dallas Manufacturing Co. v. Townes.]

R. C. BRICKELL, and S. S. PLEASANTS, for appellee. The amendments did not constitute a departure.— *Townes v. Dallas Mfg. Co.*, 154 Ala. 612; *L. & N. v. Wood*, 105 Ala. 561; *Simpson v. M. & C. R. R. Co.*, 66 Ala. 85; *C. of G. v. Foshee*, 125 Ala. 222; *A. C. C. & I. Co. v. Heald*, 45 South. 686; Sec. 5367, Code 1907. Under facts averred in the complaint, · defendant owed plaintiff a duty as to the light.—*Dallas M. Co. v. Townes*, 41 South. 988; *Bennett v. R. R. Co.*, 102 U. S. 577; *Sloss S. & I. Co. v. Tilson*, 141 Ala. 152; *West v. Thomas*, 97 Ala. 632; *Bir. M. & C. Co. v. Skelton*, 149 Ala. 465. The defective lights were the proximate cause of the injury.—*Western Ry. Co. v. Mutch*, 97 Ala. 194; 4 Thomp. Neg. sec. 3857; *Jones v. Cook*, 128 Ala. 217; *L. & N. v. Quick*, 125 Ala. 553; *Holmes v. Bir. South.*, 140 Ala. 208; *Mouton v. L. & N.*, 128 Ala. 537. The plaintiff has a right to rely on the attempted repairs by Wise and his assurance that the lights were all right.— *Eureka Co. v. Bass*, 81 Ala. 200; *Briggs v. Tenn. C. I. & R. R. Co.*, 109 Ala. 287; *Southern Ry. Co. v. Guyton*, 122 Ala. 231. The question as to whether plaintiff was guilty of contributory negligence, was one for the jury. —Authorities supra. Counsel discuss the refusal to grant a new trial, and insist that the evidence was sufficient to sustain the judgment.

SIMPSON, J.—This is an action for damages on account of personal injuries, by the appellee against the appellant, and this is the third time the case has been before this court.—*Dallas Mfg. Co. v. Townes*, 148 Ala. 146, 41 South. 988; *Townes v. Dallas Mfg. Co.*, 154 Ala. 612, 45 South. 696. As to the action of the court in allowing the amendment to the complaint, and the effect of that amendment on the operation of the statute of limitations, section 5367, Code 1907, has set that vexed matter at rest, and under it the amendment was prop-

erly allowed and relates back to the commencement of the suit.

It is next insisted by the appellant that the demurrers to counts 5, 6, and 8 should have been sustained, because said counts do not show any duty on the part of the defendant to furnish lights for the independent contractor to work after dark. All of the counts allege facts showing that said Saco-Pattee Machine Shop was engaged, at the time of the injury, in setting up machinery in the mill of defendant, under an arrangement between it and defendant, and that the plaintiff was there by the direction or invitation of the defendant. These expressions carry with them the conclusion that the work was being done at the time, either indicated or acquiesced in by the defendant, and the eighth count alleges specifically that the hours of work were prescribed by the defendant. There was no error in overruling the demurrers to said counts.

According to the plaintiff's own testimony there was one slat out of the carding machine, and he had been sent by the person who was over him in the employ of the "Saco-Pattee Machine Shop" to replace this slat; that, after stopping for a while to talk to Anglin, plaintiff stepped into the alley between the cards, made one or two steps, when the lights went down, and then burned up again; that he took another step or two, and had his foot in the air to make another step, and as his foot came down the light went out, and his foot struck or came down on a card door, which was lying on the floor; that he was walking with his right side to the card, and as he fell he spun around, and placed the back of his left hand against the revolving card cylinder. It appears that the cylinder, with fine wire teeth in it, revolves in one direction, and that the slats, which are outside and around it, with wire teeth in them, revolve

more slowly in the opposite direction. The space left open by the slat which was out was from 1 1-2 to 2 inches wide—the plaintiff saying the slat was 2 inches wide, and another witness 1 1-2 inches—and was 3 or 4 feet from the floor. Plaintiff says that the card door which was lying on the floor was of iron, about 8 inches square and a quarter of an inch thick. Plaintiff says that there was nothing to prevent his seeing the door, if he had looked, before the light went out; that he would not have fallen if the door had not been there; and that he grabbed at a standard as he fell and spun around. In order to replace the slat, which plaintiff was sent to replace, he would have gone behind the machine, then come in front of it, and, after the cylinder ceased to revolve, replaced the slat. The cylinder was revolving about 170 times in a minute. Two witnesses, who went to plaintiff when they heard him cry out, testify that the belt was off and the cylinder had then stopped. There were others there, when they got there, attending to plaintiff; but they were not examined as witnesses. Plaintiff says that he did not throw the belt.

Passing by the contradictions of the plaintiff statements by the other witnesses, and also the question of proximate cause, it is difficult to see how the going out of the light could have caused the plaintiff to place his foot on the door, if it went out just as his foot was coming down. Besides, it is a physical impossibility for a man, by placing his foot on (as plaintiff seems to think he did), or striking his feet against, an object a quarter of an inch above the level of the floor, to spin entirely around and place the back of the hand, which was on his opposite side from the card, against a revolving cylinder, through an aperture two or even three inches wide, and three or four feet above the floor. We think

[United States Cast Iron Pipe & F. Co. v. Granger.]

the verdict should have been set aside and a new trial granted.

The judgment of the court is reversed, and the judgment will be here rendered granting a new trial and remanding the cause.

Reversed and remanded.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.

