# Wilson v. Ratcliff.

### Detinue.

(Decided November 23, 1916.  73 South. 84.)

1. Action; Joinder; Amendment.—Under the provisions of §§ 5329, 5367, Code 1907, it was proper to allow a complaint in detinue to be amended by adding a count in trover.

2. Tenancy in Common; Right of Action; Detinue.—A tenant in common of a bale of cotton cannot maintain detinue against his co-tenant.

3. Same; Trover.—The possession of one co-tenant of a bale of cotton was the possession of himself and his co-tenant, and he could not be made to answer in trover unless he had so disposed of the cotton as to destroy and exclude the right of his co-tenant.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by T. R. Ratcliff against W. W. Wilson in detinue for an undivided half interest in one bale of cotton, and the seed therefrom, and an undivided half interest in 600 pounds of seed cotton. The court permitted an amendment by allowing plain-

tiff to add a count in trover for the conversion of said cotton. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Transferred from the Court of Appeals.

D. ISBELL, for appellant. JOHN A. LUSK & SON, for appellee.

SAYRE, J.— (1) There can be no doubt about the correctness of the court's ruling in allowing the complaint in detinue to be amended by the addition of a count in trover.—Code, §§ 5329, 5367.

(2, 3) The verdict and judgment did not aptly respond to the count in detinue. They will be referred to the count in trover. Plaintiff and defendant were tenants in common of the bale of cotton in controversy. That plaintiff could not maintain detinue is conceded. Under the evidence found in the record defendant was entitled to the general charge on the trover count as well. Defendant's act in warning plaintiff and his family not to come upon the premises, where the cotton in dispute was then unpicked in the field, might have required a submission of the issues as to defendant's alleged conversion as against his cotenant, but for the undisputed fact that subsequently plaintiff and his family went upon the place with defendant's consent, picked the cotton, and stored it in the house where they had lived as tenants under defendant. What defendant afterwards did was to carry the cotton to the gin and leave it, with instructions that it was to be ginned and held until he and plaintiff had a settlement. From this evidence the jury should not have been allowed to draw the inference that defendant, as against his cotenant, the plaintiff, had converted the cotton. Defendant's possession was the possession of both himself and plaintiff, and he could not be held to answer in trover unless he had so disposed of the cotton as to exclude and destroy the right of his cotenant.—*Allen v. Harper,* 26 Ala. 686; *Moore v. Walker,* 124 Ala. 201, 26 South. 984. We do not find any evidence authorizing a finding against defendant under this law and he should have had the charge requested.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.