## CHESSER v. FIRST BANK OF RED LEVEL et al. (4 Div. 767.)

(Court of Appeals of Alabama. Oct. 31, 1922. Rehearing Denied Nov. 21, 1922.)

Limitation of actions ⟨⟩174(1)—Statute as to recovery based on chattel mortgage held applicable.

Acts 1915, p. 142, barring action for recovery of personal property founded on a mortgage and against another than the mortgagor, his personal representative, or one holding under him by descent or will, unless brought within three years from maturity of the mortgage, held applicable to action by first mortgagee against one holding and claiming under a second mortgage from the same mortgagor.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Action in detinue by J. T. Chesser against the First Bank of Red Level and A. B. Powell. Judgment for defendants, and plaintiff appeals. Affirmed.

Certiorari denied, 208 Ala. 697, 94 South. 920.

The act of 1915 (General Acts, p. 142) is as follows:

"Section 1. That all suits of every kind whether at law or in equity brought for the recovery of personal property or its value or for the recovery of damages for the conversion thereof where such suit is founded on a mortgage or conditional sale of such personal property and is against another than the maker of said mortgage or purchaser in the contract of conditional sale, his personal representatives or those holding under him by descent or will shall be barred unless brought within three years from the maturity of such mortgage or such contract of conditional sale.

"Sec. 2. That this act shall take effect on the 1st day of January, 1916."

J. Morgan Prestwood, of Andalusia, for appellant.

In order for the statute of limitations to begin to run against a mortgagee in this state, possession by the mortgagor must be adverse and hostile as against the mortgagee. 131 Ala. 347, 30 South. 878; 69 Ala. 212; 131 Ala. 306, 30 South. 775; 57 Ala. 108; 16 Ala. 581; 33 Ala. 27; 27 Cyc. 1150. Acts 1915, p. 142, has no application to this case.

Powell & Reid, of Andalusia, for appellees.

The suit was brought more than eight years after the mortgage matured, and is barred by the act of 1915. 35 Ala. 560; 25 Cyc. 996.

SAMFORD, J. The following are the facts as found by the trial judge from the evidence:

"The plaintiff claims the mule sued for in the case under a mortgage executed on January 25, 1912, by W. W. Lunceford to the plaintiff in the sum of $315, which represents the purchase price of the mule then and there sold to the said Lunceford by the plaintiff. The said mule immediately was delivered into the possession of the said Lunceford, and was kept and retained by him and in his possession continuously thereafter until the 1st of January, 1921, when the said Lunceford made a trade with one Sowell for the cultivation of his land upon shares, and delivered the mule in question to the said Sowell, to be worked by the said Sowell under said contract, and shortly after said January 1st defendant Bank of Red Level took possession of the mule under its mortgage, and turned said mule back over to Sowell under a contract to work said mule the balance of said year, and that in May, 1921, the plaintiff in the case went to the farm of said Lunceford where said mule was being worked by Sowell, and took possession of the mule and carried it away. That the mortgage was due on January 1, 1913, and that there was paid upon said mortgage the sum of $56.37, on January 16, 1918, which was credited upon said mortgage, which is all that has been paid thereon. That four or five days after that, said mule was hitched to a wagon of the plaintiff and driven into the town of Red Level, where the defendant was doing business, and was in charge of John L. Chesser, brother of the plaintiff, and in the absence of the plaintiff, the defendant, A. B. Powell, as the cashier of the First Bank of Red Level, and his son, went to the place where said mule was hitched to the wagon, and unhitched the mule from the wagon over the objection of J. L. Chesser, in charge of the mule, and took the mule out of the wagon and carried it off, and now has the possession of it upon said farm of Lunceford, and turned it over to the said Lunceford to be worked and used in cultivating the crop upon said land for the defendant bank. That the said W. W. Lunceford did on the 4th day of December, 1920, execute a mortgage to the defendant bank upon said mule and other prop-

erty to secure a recited indebtedness of $5,-358.96, due March 1, 1921, and said First Bank of Red Level claimed said mule and claimed the right to the possession of it under said mortgage, and took possession of said mule in the manner above indicated, under said claim of right in said mortgage. The value of the mule is found to be worth $150, and the use or hire $2.50 a month from the time it was obtained by the defendant."

Under the foregoing statement of facts, we see no escape from the conclusion that plaintiff is barred of his suit by reason of Act 1915, p. 142, approved March 5, 1915. Defendant in this action is neither the maker of the mortgage sued on, the personal representative of the mortgagor, nor does the defendant hold under the mortgagor by descent or will. Let the judgment be affirmed.

Affirmed.