(111 So. 275)

POLYTINSKY v. WILSON.    (8 Div. 505.)

(Court of Appeals of Alabama.    Oct. 26, 1926. Rehearing Denied Nov. 16, 1927.)

1. Statutes ☞167(2)—Provision barring recovery in trover after three years from maturity of mortgage or conditional sale held repealed (Acts 1915, p. 142).

As Code of 1923 did not bring forward Acts 1915, p. 142, barring recovery in trover, unless suit is brought within three years from maturity of mortgage or conditional sale, adoption of Code effected its repeal.

2. Mortgages ☞132—Agreement between one of mortgagors of realty and mortgagee, 30 days after mortgage execution, to extend it to personalty, created valid personalty mortgage, despite statute (Code 1923, § 8033).

Agreement of one of mortgagors of realty with mortgagee, 30 days after execution of mortgage, that it should be extended to his personalty, created valid personalty mortgage despite Code 1923,. § 8033.

3. Mortgages ☞132—Failure of wife of mortgagor to consent to inclusion of personalty, in which she had no interest, in mortgage, held not to affect its validity.

That wife of mortgagor, signing purchase-money mortgage on real estate, did not consent to inclusion of personalty in mortgage, held not to affect its validity, where she had no interest in the property thus included.

On Rehearing.

4. Limitation of actions ☞127(3)—In detinue for personalty covered by mortgage, amendment of complaint, adding conversion count, related back to commencement of suit, so as to avoid three-year limitation period (Code 1923, § 9513; Acts 1915, p. 142).

Where, in detinue for personal property covered by mortgage, plaintiff was permitted to amend complaint by adding count for conversion of property covered by mortgage, as permitted by Code 1923, § 9513, filing of amendment related back to filing of original suit, so as to avoid bar of three-year limitation period in Acts 1915, p. 142.

5. Trial ☞260(6)—Refusal in conversion action of requested charges covered by given charges held not error.

In action for conversion of personalty covered by mortgage, refusal of requested charges, covered by given charges, held not error.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Action in trover by W. C. Wilson against A. Polytinsky. Judgment for plaintiff, and defendant appeals. Affirmed.

Certiorari denied by Supreme Court, 111 So. 276.

Sample & Kilpatrick, of Hartsells, for appellant.

Count A states a new cause of action, does not relate back to the original suit, and, not being filed within three years, was barred. Acts 1915, p. 142; Chesser v. First Bank, 19 Ala. App. 54, 94 So. 786. Both mortgagors must have been present and assented to the alteration of the mortgage.

Wert & Hutson, of Decatur, for appellee.

The wife was not interested in the personal property, and it was not necessary that she consent to the inclusion of same in the mortgage. The statutory limitation of an action in detinue is six years. Strange v. Gra-

ham, 56 Ala. 614; Sullivan v. Lawler, 72 Ala. 74.

SAMFORD, J. [1] It is first contended that the court erred in permitting the original complaint, which was in detinue, to be amended by the addition of count A, which was a count in trover, claiming damages for the conversion of certain personal property described in a mortgage from Stephens and his wife to plaintiff. This contention is based upon the insistence that the statute of 1915 (Acts, p. 142), barred a recovery, unless suit was brought within three years. Such was the law at the time of the rendition of the decision in Chesser v. First National Bank of Red Level, 19 Ala. App. 54, 94 So. 786. But the Code of 1923 does not bring this act forward, and the adoption of the Code effects its repeal.

[2] The other questions involved in this appeal rest upon the several rulings of the court involving this question, to wit: The plaintiff claims, and offers evidence to prove, that in March, 1919, C. H. Stephens and his wife, Maggie, executed and delivered to plaintiff a mortgage on real estate described, which mortgage contained the usual clauses as to conveyance, warranties, waivers, powers of sale, etc.; that this mortgage was given to secure the purchase money for the land therein described; that at the time the land was sold Stephens was to make a cash payment, which he failed to do, and in lieu of which by an agreement between plaintiff and C. H. Stephens, and in the absence of Maggie, and about 30 days after the execution of the mortgage, the property here involved, and, at the time of the insertion, the sole property of C. H. Stephens, was written into the mortgage which had theretofore been given on the land, after which, and before purchase by defendant of the property here in issue, the mortgage was recorded in the proper county, and before this suit had been commenced by defendant. The foregoing acts were denied by the defendant with proof to sustain his contention. As to this phase of the case, the evidence was in conflict, making a jury question. On this issue the jury found in favor of plaintiff's contention.

The remaining question therefore is, Did the agreement between plaintiff and C. H. Stephens, made 30 days after the execution of the original mortgage, to the effect that the personal property here involved should be written into the mortgage already given by C. H. and Maggie Stephens to plaintiff, have the effect of becoming a valid existing mortgage on such property, as was written into the mortgage by plaintiff?

[3] The fact that Maggie Stephens was not present and did not consent to the inclusion of the personal property into the mortgage could not affect its validity, as Maggie had no interest in the property thus included, and certainly she would not be heard to complain that C. H. has seen fit to give additional security for a debt owing by both her and C. H.

The only legal objection to be found to the validity of mortgage on the personal property inserted in the mortgage under the agreement lies in the contention that the same is forbidden under section 8033 of the Code of 1923, which provides that—

"A mortgage of personal property is not valid, unless made in writing and subscribed by the mortgagor."

This same section appears as section 1731 of the Code of 1886. In passing upon this section, the Supreme Court, speaking through Clopton, J., held that the section did not interfere with the general rule that parties may alter or modify at pleasure their contract after consummation, and that the rule applied to deeds and mortgages as well as to other contracts, and, further, that the insertion of other personal property in a mortgage is but a modification or alteration of the contract, which is not prohibited by any rule of law. Since that time the Supreme Court has reaffirmed this rule. Sharpe v. Orme, 61 Ala. 263: Winslow v. Jones, 88 Ala. 496, 7 So. 262; Bright v. Mack, 197 Ala. 214, 72 So. 433.

The rulings of the trial court were in line with the foregoing rules. Other rulings, if error, were without injury.

We find no error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

[4] The obligation or mortgage, the basis of this suit, became due by election of the mortgagee on May 7, 1920. On that day the statute of limitation as fixed by Acts 1915, p. 142, began to run in favor of this defendant. On the 21st of May, 1920, suit was filed by this plaintiff against defendant, claiming certain personal property named in the mortgage. On the trial of the case, August 24, 1925, plaintiff was allowed to amend his complaint by adding a count for the conversion of the property named in the original count and covered by the mortgage. To this added count defendant pleaded the statute of limitation of three years, as is provided in Acts 1915, p. 142. The question is: Did the filing of the amendment relate back to the filing of the original suit? so as to avoid the bar of the above statute.

Under section 9513 of the Code, the complaint was amendable, by adding a count claiming for a conversion of the property sued for in the first count, and such amendment related back to the commencement of the suit. Mobile Light & R. R. Co. v. Portiss, 195 Ala. 320, 70 So. 136; Wilson v. Ratcliff, 197 Ala. 548, 73 So. 84; Dallas Mfg. Co. v. Townes, 162 Ala. 630, 50 So. 157; Code 1923, § 9513.

[5] Refused charges 8 and 9 are covered by given charges 1 and 10.

Application overruled.

Sample & Kilpatrick, of Hartsells, for appellant.

Wert & Hutson, of Decatur, for appellee.